PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

United States Courts
Southern District of Texas
FILED

AUG 1 1 2020

David J. Bradley, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___SOUTHERN___ DISTRICT OF TEXAS

## ___GALVESTON___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

___FRANCISCO C. MARTINEZ___
**PETITIONER**
(Full name of Petitioner)

___TDCJ-CID,6999RETRIEVE RD.,ANGLETON,TX___
**CURRENT PLACE OF CONFINEMENT** 77515

vs.

___#01185238___
**PRISONER ID NUMBER**

___LORIE DAVIS,TDCJ-CID,DIRECTOR___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**3:20-cv-263**
**CASE NUMBER**
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.     Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.     Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.     Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

☐    A judgment of conviction or sentence,     (Answer Questions 1-4, 5-12 & 20-25)
       probation or deferred-adjudication probation.

☐    A parole revocation proceeding.     (Answer Questions 1-4, 13-14 & 20-25)

☒    A disciplinary proceeding.     (Answer Questions 1-4, 15-19 & 20-25)

☐    Other:_____     (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.     Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 194th JUDICIAL DISTRICT

    COURTY,DALLAS COUNTY.

2.     Date of judgment of conviction: AUGUST 6th 2003

3.     Length of sentence: LIFE

4.     Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: UNKNOWN

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)    ☐ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.    Kind of trial: (Check one)    ☐ Jury    ☐ Judge Only

7.    Did you testify at trial?    ☐ Yes    ☐ No

8.    Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.    If you did appeal, in what appellate court did you file your direct appeal? _____

      _____    Cause Number (if known): _____

      What was the result of your direct appeal (affirmed, modified or reversed)?_____

      What was the date of that decision? _____

      If you filed a petition for discretionary review after the decision of the court of appeals, answer
      the following:

      Grounds raised: _____

      _____

      Result: _____

      Date of result: _____    Cause Number (if known): _____

      If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
      following:

      Result: _____

      Date of result: _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this
      judgment in any court, state or federal?  This includes any state applications for a writ of habeas
      corpus that you may have filed.    ☐ Yes    ☐ No

11.   If your answer to 10 is "Yes," give the following information:

      Name of court: _____

      Nature of proceeding: _____

      Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes        ☐ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes    ☒ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☒ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
C.T. TERRELL UNIT, 1300 FM 655,ROSHARON TX 77583

Disciplinary case number:    #20190072535

What was the nature of the disciplinary charge against you? "POSSESSION OF UNAUTHORIZED DRUGS"

18.    Date you were found guilty of the disciplinary violation:    NOVEMBER 21,2018

Did you lose previously earned good-time days?    ☐ Yes    ☒ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
N/A

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
RESTRICTIONS ON:45 DAYS RECREATION;45 DAYS CELL;45 COMMISSARY;

45 DAYS TELEPHONE SERVICE;REDUCTION ON THE EARNING OF GOOD TIME

CLASS FROM S3 TO S4; 180 DAYS ON MEDIUM CUSTODY;CLASS. G2 TO G4.

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☒ Yes    ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result:  AFFIRMED ON JANUARY 17,2019

Date of Result: JANUARY 17,2019

Step 2 Result: **AFFIRMED**

Date of Result: MARCH 5ᵗʰ,2019

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    **GROUND ONE:** THE CODE 12.2 OF THE TDCJ-CID DISCIPLINARY RULES AND

PROCEDURES FOR OFFENDERS IS UNCONSTITUTIONALLY VAGUE ~~XXXXXXXXXXX~~ AND

OVERBROADLY WRITTEN, AND IS CAPABLE TO INDUCE ARBITRARY AND DISCRIMINATORY

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE CODE 12.2 OF THE TDCJ DISCIPLINARY RULES IS UNCONSTITUTIONALLY VAGUE

AS IT FAILS TO PROVIDE SUFFICIENTLY EXPLICIT STANDARDS FOR THOSE WHO

ENFORCE IT. MOREOVER, IT FAILS ADEQUATELY TO CONSTRAIN THE DISCRETION

OF THE PRISON OFFICIALS WHO HAD THE POWER TO IMPOSE IT.

THE CODE 12.2 OF THE TDCJ RULES, FAILS TO PROVIDE DEFINITIONS FOR:

B.    **GROUND TWO:** THE CODE 12.2 OF TDCJ RULES IS UNCONSTITUTIONAL VAGUE

AS IT WAS APPLIED TO FRANCISCO MARTINEZ

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

APPELLANT ARGUMENT IS THAT THE APPLICATION OF CODE 12.2 OF THE TDCJ

RULES FOR BOTH "POSSESSION OF UNAUTHORIZED PRESCRIPTION DRUGS" AND

"POSSESSION OF UNAUTHORIZED DRUGS" AS APPLIED TO HIM DURING THE

DISCIPLINARY HEARINGS AND APPEAL PROCESS. APPELANT ARGUMENTS IS THAT

THERE IS NOT A WRITTEN CODE  FOR "POSSESSION OF UNAUTHORIZED DRUGS"

C. **GROUND THREE:** DUE PROCESS VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

APPELLANT CLAIMS THAT HE WAS DENIED DUE PROCESS WHEN:(1) THE CHARGING OFFICER FILED A DISCIPLINARY OFFENSE ON A REGULATION THAT IS UNCONSTITU-TIONALLY INFIRM,(2)PRISON OFFICIALS MISAPPLIED THE REGULATION TO THE FACTS OF THE APPELLANT'S OFFENSE,(3)THE CHARGING OFFICER FILED A FALSE REPORT AGAINST HIM,(4)HE WAS DENIED THE EFFECTIVE REPRESENTATION OF A

D. **GROUND FOUR:** THE IMPOSITION OF MAJOR PENALTIES FOR THE POSSESSION AUTHORIZED OF TWO PILLS FOR ALLERGIES SHOCKS THE CONSCIENCE IN VIOLATION OF THE EIGHT AMENDMENT OF THE UNITED STATES CONSTITUTION.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE MEDIUM  CUSTODY IS A CLASSIFICATION CUSTODY TO PUNISH INMATES FOR DISCIPLINARY VIOLATIONS. THIS CUSTODY IS MORE RESTRICTED,HAS LESS AMEN-ITIES AND PRIVILEGES.

APPELLANT WAS TRANSFERED TO THE WAYNE SCOTT UNIT' MEDIUM CUSTODY WING. THE MEDIUM CUSTODY WING HAD A LOT OF BROKEN WINDOWS,ONLY ONE BLANKET

21.    Relief sought in this petition:  OVERTURN THE DISCIPLINARY CASE #20190072535

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    ☐ Yes    ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes    ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes    ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

NEVER FILED THESE CLAIMS IN COURT,TEXAS DOES NOT AFFORD THE
OPPORTUNITY TO CHALLENGE DISCIPLINARY CONVICTIONS IN STATE COURTS:
I FILED A §1983 CAUSE AND IS PENDING ON COURT,#3:19-CV-00236

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☒ Yes    ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.  CAUSE UNDER 42 U.S.C. §1983,on aAUGUST 15,2019
amended ON JULY 4TH,2020,in THE SOUTHERN DISTRICT OF TX,GALVESTON DIVISION

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

  (a)    At preliminary hearing: _____

  (b)    At arraignment and plea: _____

  (c)    At trial: _____

  (d)    At sentencing: _____

  (e)    On appeal: _____

  (f)    In any post-conviction proceeding: _____

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

APPELLANT ATTEMPTED TO FILE THIS CAUSE OF ACTION BEFORE MARCH,2020,

BUT FOR THE TDCJ LOCKDOWNS,AND THE COURTS ADMINISTRATIVELY CLOSED

DUE TO THE PANDEMIC OF COVID-19,APPELLANT WAS NOT ABLE TO FILE IT

ANY TIME SOONER.

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

July 21st, 2020 _____ (month, day, year).

Executed (signed) on July 21st, 2020 _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: WAYNE SCOTT UNIT, 6999 RETRIEVE RD., ANGLETON, TX 77515

GROUND ONE: TREATMENT.

Supporting Facts: "POSSESSION," "AUTHORIZATION," AND "PRESCRIPTIO"
ITS ONLY DEFINITION IS FOR DRUGS.

APPELLANT WAS CHARGED WITH "POSSESSION OF UNAUTHORIZED DRUGS", NAMELY,
TWO DIPHENHYDRAMINE, (ALSO KNOWN AS BENADRYLS), UNDER CODE 12.2 OF THE
TDCJ RULES. THE CHARGING OFFICER WAS AWARE THAT APPELLANT IN FACT WAS
PRESCRIBED FOR THIS MEDICATION. THE CODE 12.2 STATES IN ITS ENTIRETY:
"POSSESSION OF UNAUTHORIZED PRESCRIPTION DRUG," DEFINED AS "ANY ME-
DICATION THAT CAN BE OBTAINED ONLY BY A PHYSICIAN'S PRESCRIPTION."
THE DEFINITION FOR 'DRUGS' ENCOMPASS ANY PRESCRIPTION AUTHORIZED BY
A PHYSICIAN. APPELLANT PRESENTED A COPY OF HIS MEDICATION PILL PASS
DURING THE HEARING PROCEDINGS, DUE TO THE VAGUENESS OF THE CODE HE
WAS DENIED RELIEF.

     THE CODE 12.2 IS CAPABLE TO INDUCE A DISCRIMINATORY TREATMENT:
IN THE DISCIPLINARY CASE OF THE OFFENDER WINBREY,LAWRENCE,E. JR.,
TDCJ #01123914, DISCIPLINARY CASE #20180100273, THE OFFENDER WAS
CHARGED WITH THE POSSESSION UNAUTHORIZED DRUGS," NAMELY, SEVEN BENA-
DRYLS," UNDER CODE 12.2 OF THE TDCJ RULES. THE OFFENDER WAS GIVEN
LENIENT PENALTIES AND WAS REMAINED IN THE GENERAL POPULATION, WHILE
APPELLANT WHO HAD PRESCRIPTION FOR THE MEDICATION WAS GIVEN MORE
HARSH PENALTIES AND WAS REMOVED FROM THE GENERAL POPULATION. THE
CODE 12.2 OF THE TDCJ RULES DOES NO MAKE ANY DIFFERENCE OF THOSE
WHO PRESENT AUTHORIZED PRESCRIPTION AND THOSE WHO DOES NOT, NO STANDARDS OF
GUIDANCE **ARE SET** OUT IN THIS CODE FOR PRISON OFFICIALS WHO ENFORCE
THE CODE.

GROUND TWO_____

Supporting Facts: AND THAT CODE 12.2 FAILS TO MAKE DISTINCTION OF
BOTH "POSSESSION OF UNAUTHORIZED PRESCRIPTION DRUGS" AND "POSSESSION
OF UNAUTHORIZED DRUGS," THEREFORE,APPELLANT ARGUES THE CODE 12.2
VIOLATES DUE PROCESS REQUIREMENTS OF THE FEDERAL AND STATE CONSTITU-
TIONS BY FAILING TO PROVIDE FAIR NOTICE THAT OFFENSE OF "POSSESSION
OF UNAUTHORIZED DRUGS" IS CRIMINAL.

     ON OR ABOUT NOVEMBER 13,2018,APPELLANT WAS CHARGED WITH A DISCI-
PLINARY OFFENSE OF "POSSESSION OF UNAUTHORIZED DRUG,NAMELY,TWO DIHEN-
HYDRAMINE," (ALSO KNOWN AS BENADRYLS),UNDER CODE 12.2 OF THE TDCJ
RULES. THE CHARGING OFFICER,R. DIAZ,WAS AWARE BEFORE  HE WROTE THE
OFFENSE THAT APPELLANT IN FACT WAS PRESCRIBED FOR THIS MEDICATION.
MR. DIAZ,IN GROSSLY VIOLATION OF THE EXECUTIVE DIRECTIVE 3.76,EXCEEDED
THE SCOPE OF HIS AUTHORITY,WHEN HE MANAGED AND ALTERED THE WRITTEN
CODE OF 12.2 OF THE TDCJ RULES. MR. DIAZ OMITTED THE WORD 'PRESCRIP-
TION' FROM THE ORIGINAL WRITTEN CODE AND WROTE THE DISCIPLINARY
OFFENSE FOR "POSSESSION OF UNAUTHORIZED DRUGS", A CODE THAT IS NOT
WRITTEN IN THE TDCJ DISCIPLINARY RULES. BY ALTERING THE CODE 12.2
FROM ITS ORIGINAL WRITTEN VERSION,MR. DIAZ WROTE IT IN A MORE BROADLY
MANNER OF LIABILITY. ASSUMING ARGUENDO THAT THERE IS A WRITTEN
CODE FOR "POSSESSION OF UNAUTHORIZED DRUGS" APPELLANT CONTENDS THAT
HE IS NOT GUILTY OF EITHER OFFENSE AS HE WAS PRESCRIBED FOR THE ME-
DICATION.PRISON OFFICIALS IN THE DEPARTMENT CLEARLY MISAPPLIED THE
CODE 12.2 OF THE TDCJ RULES TO THE APPELLANT.

GROUND THREE

COUNSEL SUBSTITUTE,(5) THE UNIT CLASSIFICATION COMMITTEE,(UCC),
ALLOWED THE FORMATION OF NON-IMPARTIAL REVIEW BOARD.
ON OR ABOUT 13,2018,APPELLANT WENT TO THE PILL WINDOW AND GOT HIS
MEDICATION,ON HIS WAY BACK TO THE HOUSE,HE WAS RANDOMLY PULLED OVER
TO CONDUCT A STRIP SEARCH. DURING THE PATING DOWN,SERGEANT DIAZ FOUND
TWO PILLS OF DIPHENHYDRAMINE,(ALSO KNOWN AS BENADRYLS).APPELLANT WAS
PRESCRIBED FOR ANTI-ALLERGIES. THIS IS NOT A CONTROLLED SUBSTANCE.
APPELLANT MADE AWARE MR. DIAZ THAT HE WAS GETTING THE PILLS TWICE
A DAY AS PRESCRIBED. MR. DIAZ WROTE A DISCIPLINARY OFFENSE FOR "POSSE-
SSION OF UNAUTHORIZED DRUGS,NAMELY,TWO DIPHENHYDRAMINE" UNDER CODE
12.2 OF THE TDCJ RULES.

    SERGEANT DIAZ EXCEEDED THE SCOPE OF HIS AUTHORITY WHEN HE VIOLATED
THE EXECUTIVE DIRECTIVE 3.76 AND ALTERED THE CODE 12.2 MR. DIAZ
OMITTED THE WORD "PRESCRIPTION" FROM THE ORIGINAL WRITTEN CODE.
MR. DIAZ WROTE THE DISCIPLINARY OFFENSE IN A MORE BROADLY MANNER OF
LIABILITY.

    TO THE EXTENT THAT THERE IS NOT A WRITTEN CODE FOR "POSSESSION
OF UNAUTHORIZED DRUGS" IN THE TDCJ DISCIPLINARY RULES.
THE DISCIPLINARY HEARING WAS HELD ON NOVEMBER 21,2018. DURING THE
PROCEEDINGS APPELLANT PLEAD NOT GUILTY TO THE OFFENSE AND ASKED THE
OFFENSE TO BE DISMISSED BASED ON THE FACT THAT HE HAD PRESCRIPTION
FOR THE MEDICATION.MR, WATKINS WAS THE DISCIPLINARY HEARING OFFICER,
(DHO),MR. WATKINS AND APPELLANT HAD THEIR DISAGREEMENT AS TO APPLYING
CODE 12.2 TO THE FACTS OF THIS CASE. BASED ON THE SUPERIORITY KNOW-
LEDGE OF THE ADMINISTRATION OF REGULATIONS AND POLICIES,HE KNEW OR
SHOULD HAVE KNOWN THAT THERE IS NOT A WRITTEN CODE FOR "POSSESSION
OF UNAUTHORIZED DRUGS" IN THE TDCJ RULES.HE SHOULD HAVE DISMISSED
THE CASE.

    AT SOME TIME OF THE PROCEEDING,MR. WATKINS GOT MAD WITH THE APPELLANT
FOR NOT ACCEPTING BEING GUILTY,AND FOR HIS DISAGREEMENT WITH HIM,MR,
WATKINS PROCEEDED TO CONCLUDE THE PROCEEDING,STATED HIS STATEMENT
IN THE RECORDING DEVICE. MR. WATKINS IMPOSED THE MINOR PENALTIES OF:
45 DAYS RESTRICTION ON:COMMISSARY,CELL,RECREATION AND TELEPHONE SER-
VICE,AND APPELLANT WAS DEMOTED FROM THE LINE CLASS FROM S3 TO S4.
AND ABRUPTLY WALKED OUT FROM THE DISCIPLINARY HEARINGS OFFICE.

PAGE 13

THE COUNSEL SUBSTITUTE FAILED TO PROVIDE APPELLANT ADEQUATE
REPRESENTATION DURING THE HEARING PROCEEDINGS WHEN SHE WAS REMISS
ON HER DUTIES TO THE APPELLANT. THE ASSISTANT WARDEN,MR. ANTHONY
PATRICK,SIGNED AND AFFIRMED THE CONVICTION AND THE PENALTIES
WHEN THE HEARING WAS OVER. HE PRESIDED AT THE APPEAL REVIEW ONE
WEEK LATER.
THE APPEAL REVIEW WAS CONDUCTED ON NOVEMBER 27,2018. THE UNIT CLASS-
IFICATION COMMITTEE,(UCC),WAS COMPOSED OF THE ASSISTANT WARDEN,A.
PATRICK,THE UNIT CHIEF OF CLASSIFICATION,MS. A.S. HASTINGS, THE
CORRECTIONAL OFFICER V, MRS. NINA JONES. BASED ON THEIR SUPERIORITY
KNOWLEDGE ON THE ADMINISTRATION OF REGULATIONS AND POLICIES,THEY
SHOULD HAVE KNOWN THAT THERE IS NOT A WRITTEN CODE FOR "POSSESSION
OF UNAUTHORIZED DRUGS" IN THE TDCJ RULES.
    PURSUANT TO THE TDCJ ADMINISTRATIVE DIRECTIVE 4.35 (IV)(A)(5),
THEY WERE AUTHORIZED TO OVERTURN THE DISCIPLINARY CASE. PRIOR TO
THIS APPEAL REVIEW,MR. PATRICK HAD SIGNED AND AFFIRMED THE CONVICTION
AND THE PENALTIES IMPOSED TO THE APPELLANT,HE GAINED MORE DETAILS
OF THE OFFENSE AND HE WAS AWARE THAT THE APPELLANT WAS IN FACT PRES-
CRIBED FOR DIPHENHYDRAMINE. MR. PATRICK UNLAWFULLY PARTICIPATED
ON THIS APPEAL REVIEW,JIS PARTICIPATION SHOULD HAVE BEEN EXCLUDED
FROM THE COMMITTEE BASED ON THE FACT WOULD NOT HAVE CHANGED
HIS DECISION ON THE FACTS OF THE CASE,HE WOULD NOT HAVE  APPLIED
THE LAW ANY DIFFERENT MANNER AT THE APPEAL REVIEW WHEN HE SIGNED
THE DISCIPLINARY HEARING REPORT.
    MR. PATRICK VOTED TO REMOVE APPELLANT FROM THE GENERAL POPULATION
WHEN HE IMPOSED THE MEDIUM CUSTODY CLASSIFICATION,HE PERSUADED THE
COMMITTEE TO UPHOLD THE CONVICTION,THE PENALTIES AND TO REMOVE THE
APPELLANT FROM THE GENERAL POPULATION.
    CLEARLY DUE PROCESS WAS DENIED TO THE APPELLANT.

GROUND FOUR

Supporting facts(Do not argue or cite law.                    )

WAS ISSUED TO THE APPELLANT. APPELLANT SUFFERED FOR THE COLDWEATHER

UNNECESSARILY. THE DAYROOM HAS CAPACITY FOR  80 INMATES,THE MOST,

IN A WING THAT HOUSED 144 INMATES,NO TOILET IS PROVIDED TO THE

INMATES IN THE DAYROOM,ONLY ONE URINAL IS PROVIDED.

APPELLANT WAS PLACED IN A CELL THAT THE TOILET LEAKED,APPELLANT
HAD TO CLEAN UP THE WATER WITH FECES.(SEE GRIEVANCE #2019074440).

APPELLANT WAS PUNISHED INJUSTLY UNDER A DISCIPLINARY RULE THAT
IS UNCONSTITUTIONALLY INFIRM,ADDITIONALLY,PRISON OFFICIALS IN THE
TDCJ MISAPPLIED THE DISCIPLINARY RULE TO MR. MARTINEZ CASE.
THE IMPOSITION OF THE PUNISH TO WHICH HE WAS SUBJECTED,CLEARLY
SHOCK THE CONSCIENCE OF THE EIGHT AMENDMENT TO THE UNITED
STATES CONSTITUTION. THIS HONORABLE COURT SHOULD OVERTURN THE DISCI-
PLINARY OFFENSE FOR WHICH HE WAS PUNISHED.

PAGE 15

# TDCJ DISCIPLINARY REPORT AND HEARING RECORD

UNIT: R3    SNG: R02   046      JOB: JANITOR B DORM 1-2          IQ: 083
CLSE:     CUST: G2   PRIMARY LANGUAGE: ENGLISH    LMHA RESTRICTIONS:    NONE
GRDE: MA / J3    OFF.DATE: 11/13/18  04:55 PM  LOCATION: R3 BLDG LT'S OFFICE
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT R3 SECURITY OFFICE, OFFENDER:
MARTINEZ,FRANCISCO C, TDCJ-ID NO. 01185238, POSSESSED AN UNAUTHORIZED DRUG
NAMELY TWO DIPHENHYDRAMINE.

CHARGING OFFICER: R. DIAZ, SGT.                 SHIFT/CARD: 1 H

TIME/DATE NOTIFIED: 7:11A /11-20-18 BY: (PRINT) _F. Wave_
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES NO / IF NO, HOW DO YOU
PLEAD? GUILTY   NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X_Leo M.C._            DATE: 11-20-18
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X_Leo M.C._             DATE: 11-20-18

## HEARING INFORMATION

HEARING DATE: 11/21/18 TIME: 12:25 pm UNIT R-3 FOLDER _A_ FILE _44_ DSFILE 244472
COUNSEL SUBSTITUTE AT HEARING: _P.W_   FOLDER____ FILE____ DSFILE____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7)IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _Investigating the Case Weekend w/Ho_

OFFENDER STATEMENT: _I'm am not Guilty of the Charge how it_
_is Written_
OFFENSE CODES:                  12.2
OFFENDER PLEA: (G, G NONE) | _NG_ |____|____|____|
FINDINGS: (G NG, DS) | _G_ |____|____|____|
REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)_____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: _officer's Report offender did not Rebut_
_the Charge_

## PUNISHMENT

LOSS OF PRIV(DAYS)____  REPRIMAND_____          SOLITARY(DAYS)........____
*RECREATION(DAYS)_45_  EXTRA DUTY(HOURS)......____   REMAIN LINE 3........____
*COMMISSARY(DAYS)_45_  CONT.VISIT SUSP.THRU__/__/  REDUC.CLASS FROM _S3_ TO _S-4_
*PROPERTY(DAYS)____    CELL RESTR(DAYS)____45_   GOOD TIME LOST(DAYS).____
* OTS(DAYS)..____45_ SPECIAL CELL RESTR(DAYS)____   DAMAGES/FORFEIT.$____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
_Attpt to med.B offender's Behavior_

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS) _N/A_ NO / NA
DATE PLACED IN PRE-HEARING DETENTION: _NO_   HEARING LENGTH _6:51_ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: X _Leo M.C._
_P. Watkins_   _A Poth M, Asst Warden_       _Leo M.C._
HEARING OFFICER (PRINT)   WARDEN          REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA



# CORRECTIONAL MANAGED HEALTH CARE
## MENTAL HEALTH OUTPATIENT SERVICES
### Triage Interview

Patient Name: MARTINEZ, FRANCISCO C
TDCJ#:1185238

Date:    11/16/2018 14:33
Facility:   TERRELL (R3)

Age:  50
Sex:  male

DOB: 02/14/1968
Race: HISPANIC

DOI: 9/4/2003

**Patient Language:**   ENGLISH

**Most recent vitals from 9/20/2018:**

| BP: 118 / 79 (Sitting) | Weight: 116 Lbs. | Height: 63 In. | BMI: 21 |
|---|---|---|---|
| Pulse: 74 (Sitting) | Resp: 18 / min | Temp: 98.7 (Oral) | O2 Sat: 98% RA |

**Allergies:**   NO KNOWN ALLERGIES
**Current Medications:**

**ATORVASTATIN 20MG TABLET**
1 TABS ORAL DAILY for 30 Days KOP

EXPIRATION DATE: 9/15/2019 12:43:00PM
REFILLS: 2 / 11

LAST DATE GIVEN KOP: 10/28/2018 04:07:40PM
ORDERING PROVIDER: OWUSU, KWABENA
ORDERING FACILITY: TERRELL (R3)

**BODY LOTION**
1 APPLICS TOPICALLY DAILY for 90 Days KOP
DERMATITI

EXPIRATION DATE: 12/19/2018 12:43:00PM
REFILLS: 0 / 0

LAST DATE GIVEN KOP: 09/21/2018 04:39:22PM
ORDERING PROVIDER: OWUSU, KWABENA

ORDERING FACILITY: TERRELL (R3)

**DIPHENHYDRAMINE 25MG CAPSULE**
1 CAPS ORAL TWICE DAILY for 30 Days

EXPIRATION DATE: 12/04/2018 02:16:00PM
REFILLS: 5 / 5

COMPLIANCE: 63.19 %

ORDERING PROVIDER: OWUSU, KWABENA
ORDERING FACILITY: TERRELL (R3)

**LamiVUDINE 300MG TABLET**
1 TABS ORAL DAILY for 30 Days

EXPIRATION DATE: 1/31/2019 01:59:00PM
REFILLS: 9 / 11

COMPLIANCE: 77.54 %
ORDERING PROVIDER: BERGER, MARIA E
ORDERING FACILITY: TERRELL (R3)

**NORVIR 100MG TABLET**
1 TABS ORAL DAILY for 30 Days

EXPIRATION DATE: 1/31/2019 01:57:00PM
REFILLS: 9 / 11

COMPLIANCE: 77.19 %
ORDERING PROVIDER: BERGER, MARIA E
ORDERING FACILITY: TERRELL (R3)

**PREZISTA 800MG TABLET**
1 TABS ORAL DAILY for 30 Days

EXPIRATION DATE: 1/31/2019 01:58:00PM
REFILLS: 9 / 11

COMPLIANCE: 77.19 %
ORDERING PROVIDER: BERGER, MARIA E
ORDERING FACILITY: TERRELL (R3)

**SERTRALINE 50MG TABLET**
1 TABS ORAL EVERY EVENING for 30 Days

EXPIRATION DATE: 7/08/2019 10:31:00AM
REFILLS: 1 / 8

COMPLIANCE: 43.24 %
ORDERING PROVIDER: HILLIARD, WANDA T

ORDERING FACILITY: TERRELL (R3)

**TENOFOVIR DF 300MG TABLET**
1 TABS ORAL DAILY for 30 Days

EXPIRATION DATE: 8/24/2019 02:53:00PM
REFILLS: 2 / 11

COMPLIANCE: 58.75 %
ORDERING PROVIDER: BERGER, MARIA E
ORDERING FACILITY: TERRELL (R3)

**Active Problems:**

**Chronic Care:**
Human Immunodeficiency Virus [hiv] Disease First Observed 2/18/2004 02:01PM
Hip Replacement Status First Observed 4/5/2006 12:56PM
Hyperlipidemia, Unspecified First Observed 5/2/2012 05:28PM

**Dental:**
Hard Tissue Disease First Observed 7/11/2014 07:26AM
Gingival/periodontal First Observed 8/4/2014 10:36AM
Dental Examination First Observed 11/7/2014 09:09AM



# Texas Department of Criminal Justice

## STEP 1  OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY |
|---|
| Grievance #: _____ |
| Date Received: _____ |
| Date Due: _____ |
| Grievance Code: _____ |
| Investigator ID #: _____ |
| Extension Date: _____ |
| Date Retd to Offender: _____ |

Offender Name: <u>FRANCISCO C. MARTINEZ</u>   TDCJ # <u>01185238</u>

Unit: <u>TERRELL UNIT</u>  Housing Assignment: <u>2PHD-28</u>

Unit where incident occurred: <u>TERRELL UNIT</u>

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? <u>Patrick,Assistant Warden</u>   When? <u>11-27-2018</u>

What was their response? <u>Admitted that I was prescribed medication,</u>

What action was taken? <u>Found guilty,and affirmed prior restrictions,and changed to G4</u>

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

Dear Warden: This grievance is to complain of the violations of Due Procees and Due Course of Law in the disciplinary case #20190072535.

On or about Nov. 13,2018,I was caught with two Diphenhydramine pills by Sgt. Diaz,however, I made Sgt.Diaz aware that I get them twice a day,he was aware that I was in the process to apply for the 'hardship transfer.' Although Sgt. Diaz was aware that I get the pills twice a day,he intentionally and maliciously wrote the offense of:possessed an unauthorized drug,namely two Diphenhydramine,thus preventing me to apply for the hardship.

Pursuant to TDCJ Disciplinary Rules and Procedures for Offenders,1(C)(3) the offense was graded by J. Blake,the Major of the Terrell Unit,as a major disciplinary offense,However,not written explanation was given as to why it was graded to major disciplinary offense.

At the Court Hearing on Nov. 21,2018,presided by Captain Watkins,I pleaded not guilty to the offense,and argued that the code 12.2 does not apply to the facts.As code 12.2 targets and punish inmates who do not have authorized prescription at all,and that I have been prescribed the medication,thus, code 12.2 does not apply to the facts in this case.He got mad of me for having a different view of code 12.2.

While discussing the case with the substitute counsel,and request to Sgt. Diaz to testify,Captain Watkins proceeded to conclude the proceeding by recording his final conclusions,and turned off the recorded,and walked out from the office.

At the UCC hearing,the committee admitted that I was prescribed the medi-

---

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

cation.The UCC was composed of Patrick,Assistant Warden;Ms. Hastings,Chief of Unit Clasification;and Captain Jones.I also argued that code 12.2 does not apply to the facts in my case.They engaged in their own arguments at the same time that I could not rebut each of their argument.However,I was found guilty and my custody status was changed to G4.

   I have a liberty interest in being free from major disciplinary cases to apply for the 'hardship transfer'.Sgt .Diaz intentionally and maliciously truncated the opportunity that I have to apply for the hardship transfer.'

   Due Process and Due Course of Law have been violated through the entire process.

**Action Requested to resolve your Complaint.** Dismiss the disciplinary case #20190072535,and have the record expunged from the TDCJ files,restore the privilege rights,and the G4 custody overturned

Offender Signature: _JCO WF #1185238_    Date: _December 4th, 2018_

Grievance Response:

_____

Signature Authority: _____    Date: _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:    *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☒ 9. Redundant, Refer to grievance # _20190041893_
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _A.CRUZ_

Application of the screening criteria for this grievance is not expected to adversely affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Initial Submission</td><td>UGI Initials: _AC_</td></tr>
<tr><td colspan="2">Grievance #: _2019046304_</td></tr>
<tr><td colspan="2">Screening Criteria Used: _#9_</td></tr>
<tr><td colspan="2">Date Recd from Offender: _DEC 0 6 2018_</td></tr>
<tr><td colspan="2">Date Returned to Offender: _DEC 0 6 2018_</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #:_____</td></tr>
<tr><td colspan="2">Screening Criteria Used:_____</td></tr>
<tr><td colspan="2">Date Recd from Offender:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #:_____</td></tr>
<tr><td colspan="2">Screening Criteria Used:_____</td></tr>
<tr><td colspan="2">Date Recd from Offender:_____</td></tr>
<tr><td colspan="2">Date Returned to Offender:_____</td></tr>
</table>

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2019041893

UGI Recd Date: FEB 07 2019

HQ Recd Date: FEB 12 2019

Date Due: 03-09-2019

Grievance Code: 910

Investigator ID#: I 2589

Extension Date:

Offender Name: FRANCISCO C. MARTINEZ    TDCJ # 01185238

Unit: WAYNE SCOTT    Housing Assignment: C!-14 B

Unit where incident occurred: TERRELL UNIT

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).    *I am dissatisfied with the response at Step 1 because...*

The Step 1 grievance was returned to the inmate on Feb 01 and received it at the Scott unit on February 4th, 2019. The response on the Step 1 is without merits, neither the disciplinary report nor the Step 1 grievance specify why the evidence that I presented did not refut the offense report or the evidence neither states how the evidence at the hearing outweights the evidence that I presented. As a matter of law I was entitled to an adequate notice of the charge In this case Sgt. Diaz charged with "POSSESSION OF UNAUTHORIZED DRUG, NAMELY, TWO Diphenhydramine." and under the definition of this code (12.2) all I was required is to prove that I had prescription authorized by a physician, which it was proved before, at the hearing and at the hearing. It is clear that prison officials cons- pired in the finding of guilty and to hold the finding of guilty. The Step 1 does not dispute the denial to call the charging officer. The assistance of couns- el substitute was futile as she was remiss in her duties. Counsel substitute failed to help during the proceedings. I also presented clearly violations of due process in the Step 1 grievance #2019046304 which was rejected by the grievance investigator at the Terrell Unit. Also I was denied Equal Protections of the Law in that I was treated in a discriminatory manner throughout the process: In the similar case of the offender Wimbrey, Lawrence E. Jr. TDCJ # 01123914 disciplinary case # 20180100273, the offender was in possession of seven (7) Diphenhydramine 50 mgs. (Also known as Benadryls) he did not have prescription plead guilty to the offense, was given 30 days restrictions on rec, commissary, OTS, Cell, contact visits till 01/20/18. The hearing officer was also Capt. Watkins

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)



Appendix G

The offender's custody status was not demoted. By contrast I had prescription to the drug,I plead not guilty,I was given 45 days restriction on:rec,cell,commissary and OTS (telephone) S3 to S4 and my custody was demoted to medium custody (G4). Therefore,there were clearly constitutional violations to the 4th,14th Amendments to the U.S. Constitution.A clearly conspiracyfrom State prison officials

Offender Signature: _Jeo Mkg #1185238_          Date: _February 5th, 2019_

**Grievance Response:**

Disciplinary Case #20190072535 and all related investigative documentation has been reviewed. The investigation finds that sufficient evidence was presented to support the 12.2 charge and finding of guilt. All due process requirements were satisfied and the punishment imposed was within agency guidelines. No further action warranted.

Signature Authority: ___ **B. BARNETT** _BBarnett_          Date: _3-5-19_

Returned because:    *Resubmit this form when corrections are made:

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature:

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ___ Screened ___ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                    Appendix G



# Texas Department of Criminal Justice

## STEP 1    OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance # 2019041893

Date Received: NOV 27 2018

Date Due: 12-27-18

Grievance Code: 410

Investigator ID #: 2tct3I 1986

Extension Date: 1/26

Date Retd to Offender: FEB 0 1 19

Offender Name: FRANCISCO C. MARTINEZ    TDCJ # 01185238

Unit: __TERRELL__    Housing Assignment: B2-46- CJ-14-B

Unit where incident occurred: __TERRELL UNIT__

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Captain Watkins    When? 11-21-2018

What was their response? CONCEDED I HAVE PRESCRIBED MED.,CONCEDED NO CODE FOR:UNAUTH POSSES

What action was taken? FOUND GUILTY/ASSESSED 45 days rest, on:comm,cell,rec,OTS;S3 to S4

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

DEAR WARDEN: ON OR ABOUT NOVEMBER 13,2018,I WAS PULLED OVER TO THE SIDE BY SGT.
DIAZ.IN THE COURSE OF PATH SEARCH HE FOUND TWO PILLS OF DIPHENHYDRAMINE.
SGT. DIAZ WAS AWARE THAT I GET DIPHENHYDRAMINE TWICE A DAY. SGT. DIAZ CHARGED
ME WITH CODE 12.2 OF THE TDCJ RULES.STATING IN THE REPORT:POSSESSED AN
UNAUTHORIZED DRUG,NAMELY TWO DIPHENHYDRAMINE. I PLEAD NOT GUILTY TO THE CHARGE.
SARGEANT DIAZ ATTACHED A COPY OF THE MEDICATION PILLPASS TO THE REPORT,AND
HIGHLIGHED THE PRESCRIBED MEDICATION.THEREFORE IS UNDISPUTED  THAT IN FACT I
WAS PRESCRIBED MEDICATION FOR DIPHENHYDRAMINE.
CODE 12.2 OF THE TDCJ INMATES DISCIPLINARY HANDBOOK STATES:
    "USE OR POSSESSION OF UNAUTHORIZED DRUGS."
THE DEFINITION OF THIS CODE STATES:
    "ANY MEDICATION THAT CAN BE OBTAINED ONLY BY A PHYSICIAN'S
    PRESCRIPTION."
CLEARLY THE WORDINGOF THIS CODE IS INTENDED TO TARGET AND PUNISH THOSE INMATES
WHO DO NOT HAVE PRESCRIBED MEDICATION AT ALL.
    AT THE COURT HEARING ON 11-21-2018,CONDUCTED BY CAPTAIN WATKINS,I PLEADED
NOT GUILTY TO THE CHARGE AND REQUESTED THE CASE TO BE DISMISSED.I ALSO SUBMITTED
A COPY OF THE MEDICATION PILL PASS AS EVIDENCE,AND REQUESTED  SGT. DIAZ  TO
TESTIFY.CAPTAIN WATKINS CONCEDED THAT I HAVE PRESCRIBED FOR DIPHENHYDRAMINE,
BUT CONCEDED THAT THERE IS NO WRITTEN CODE FOR UNAUTHORIZED POSSESSION OF DRUGS.
CONTRARY TO THE CAPTAIN'S CONCLUSION IN THE REPORT,I SUBMITTED EVIDENCE AND
CLEARLY REFUTED SARGEANT'S REPORT AND THE CHARGE.

THE EVIDENCE CLEARLY SUPPORTS THAT I HAVE BEEN PRESCRIBED DIPHENHYDRAMINE

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

AT THE TIME OF THE OFFENSE ,THEREFORE, THE CHARGE IN THIS CASE
TO THE FACTS SHOULD NOT HAVE BEEN APPLIED.

IF SARGEANT DIAZ WOULD HAVE CHARGED WITH "UNAUTHORIZED POSSESSION OF DRUGS."
HE WOULD HAVE MEET THE VIOLATION OF ANY OTHER WRITTEN CODES.

BECAUSE OF THE MISINTERPRETATION OF CODE 12.2 TO THE FACTS INTHIS CASE,
THE CASE SHOULD BE DISMISSED AS CAN'T BE APPLIED TO THE FACTS.

Case #20190072535 Should be dismissed

**Action Requested to resolve your Complaint.**
EXPUNGE THE DISCIPLINARY CASE FROM THE TDCJ'S FILE,WITH RESTORATION OF ALL
RIGHTS AND PRIVILEGES,PLACE BACK TO THE S3 STATUS.

Offender Signature: _Fco NR / 1185238_　　Date: _Nov 26, 2018_

**Grievance Response:**

Major disciplinary case #20190072535 has been reviewed. The preponderance of credible evidence presented at your hearing supports the finding of guilt. No valid reason exists to warrant overturning this case. No further action is warranted.

Signature Authority: _____　　Date: JAN 17 2019

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:　　*Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: _____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

Appendix F



Francisco C. Martinez
#01185238
Wayne Scott Unit
6999 Retrieve Rd.
Angleton, Texas 77515

FOREVER / USASA

Legal Mail

U.S. Distri
Southern D
Galveston
Clerk of th
601 Rose

CERTIFIED MAIL®

0000 9647 3149