United States District Court
Southern District of Texas
**ENTERED**
August 27, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:20-cv-0263

FRANCISCO C. MARTINEZ, TDCJ # 01185238, PETITIONER,

v.

LORIE DAVIS, RESPONDENT.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Petitioner Francisco C. Martinez is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging a disciplinary proceeding. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this case must be dismissed for the reasons that follow.

## I.    BACKGROUND

Martinez is serving a life sentence in TDCJ for a conviction in Dallas County. *See* Offender Information Search, available at https://offender.tdcj. texas.gov/OffenderSearch/index.jsp (last visited Aug. 25, 2020). His petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary

conviction at the Terrell Unit on November 21, 2018, Case Number 20190072535, for possession of unauthorized drugs (Dkt. 1, at 2, 5). His punishment for the conviction included a change in custody status and the loss of 45 days of commissary, telephone, and recreation privileges. Martinez states that he did not lose previously earned good-time credit (*id.* at 5).

Martinez appealed his conviction through both steps of TDCJ's administrative-grievance procedure (*id.* at 5-6). He requests that this court overturn his disciplinary conviction.

## II.   **PRISON DISCIPLINARY PROCEEDINGS**

This court may hear Martinez's petition because he filed the petition when incarcerated at the Wayne Scott Unit in Brazoria County, which is within the boundaries of the Galveston Division of the Southern District of Texas. *See* 28 U.S.C. § 2241(d); 28 U.S.C. § 124(b)(1); *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000).

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due-process violation in the disciplinary context without

first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Martinez cannot demonstrate a constitutional violation in this case because, as he admits in his petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). Martinez is serving a life sentence, which renders him ineligible for release under the Texas mandatory supervision statute. *See Arnold v. Cockrell*, 306 F.3d 277 (5th Cir. 2002); *Ex parte Franks*, 71 S.W.3d 327 (Tex. Crim. App. 2001). This is fatal to his claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit. *See Malchi*, 211 F.3d at 957-58. Although Martinez alleges that the conviction resulted in the loss of recreation, telephone, and commissary privileges, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due-process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Likewise, a "set off" in a prisoner's parole, or reductions in his custodial classification and the potential impact on his ability to earn good-time credits, are too attenuated to be protected by the Due Process Clause. *Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see Jenkins v. Livingston*, 388 F. App'x 417, 419 (5th Cir. 2010) (citing, *inter alia*, *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)).

Because Martinez cannot demonstrate a violation of the Due Process Clause, his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the court orders as follows:

1.    The relief sought in the habeas corpus petition (Dkt. 1) filed by Francisco C. Martinez is denied and this case is dismissed with prejudice.

2.    All pending motions, if any, are denied as moot.

3.    A certificate of appealability is denied.

The Clerk will provide a copy of this order to the parties.

Signed on Galveston Island this __27th__ day of ___August___, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE